FORM 1 VOLUNTARY PETITION

| United States Bankruptcy Court<br>**Northern   District of Illinois** | **VOLUNTARY<br>PETITION** |
|---|---|
| IN RE (Name of debtor - If individual, enter Last, First, Middle)<br><br>**Fowler Jr., James J.** | NAME OF JOINT DEBTOR (Spouse) (Last, First, Middle)<br><br>**Fowler, Irene G.** |
| ALL OTHER NAMES used by debtor in the last 6 years<br>(include married, maiden and trade name) | ALL OTHER NAMES used by debtor in the last 6 years<br>(include married, maiden and trade name) |
| SOC. SEC./TAX I.D. NO. (If more than one, state all)<br><br>**XXX-XX-6995** | SOC. SEC./TAX I.D. NO. (If more than one, state all)<br><br>**XXX-XX-0545** |
| STREET ADDRESS OF DEBTOR (No. and street, city, state, zip)<br><br>**337 E. 138th St.  Dolton, IL 60419** | STREET ADDRESS OF DEBTOR (No. and street, city, state, zip)<br><br>**Same** |

| COUNTY OF RESIDENCE OR<br>PRINCIPAL PLACE OF BUSINESS<br>**Cook** | COUNTY OF RESIDENCE OR<br>PRINCIPAL PLACE OF BUSINESS<br>**Cook** |
|---|---|
| MAILING ADDRESS OF DEBTOR (If different from street address) | MAILING ADDRESS OF DEBTOR (If different from street address) |
| LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR<br>(If different from addresses listed above) | _X__Debtor has been domiciled or has had a residence, principal place of  business<br>immediately or principal place of business or principal assets in this District for<br>for 180 days preceding the date of this petition or for a longer part of such 180 days<br>than in any other District.<br>___There is a bankruptcy case concerning debtors affiliate, general partner or<br>partnership pending in this District. |

INFORMATION REGARDING DEBTOR (Check applicable)

| TYPE OF DEBTOR | CHAPTER OR SECTION OF BANKRYUPTCY CODE UNDER WHICH THE |
|---|---|
| __ **Individual**          __ **Corporation Publicly Held**<br>**X Joint (H&W)**       __ **Corporation Not Publicly Held**<br>__ **Partnership**       __ **Municipality**<br>__ **Other** | PETITION IS FILED (check one)<br>__Chapter 7       __Chapter 11       __**X** Chapter 13<br>__Chapter 9       __Chapter 12       __ 304-Case Ancillary to<br>                                                 **Foreign Proceeding** |
| NATURE OF DEBT<br>__ Non-Business Consumer    __ Business - Complete A&B below | FILING FEE (check one)<br>_X_ Filing fee attached.<br>__ Filing fee to be paid in installments. (Applicable to individuals only) |
| A. TYPE OF BUSINESS (check one)<br>__ Farming          __ Transporation    __ Commodity Broker<br>__ Professional     __ Manufacturing/  __ Construction<br>__ Retail/Wholesale     Mining          __ Real Estate<br>__ Railroad          __ Stockbroker    __ Other Business | must attach signed application for the court/s consideration certifying<br>that the debtor is unable to pay fee except in instalments. Rule 1006(b)<br>see Official Form No. 3<br>NAME and ADDRESS OF LAW FIRM OR ATTORNEY<br>        **Staver & Gainsberg, P.C.**<br>        **120 W. Madison St., Ste. 520**<br>        **Chicago, IL 60602** |
| B. BRIEFLY DESCRIBE NATURE OF BUSINESS | Telephone No.                          **312-422-1130**<br>NAME(S) OF ATTORNEY(S) DESIGNATED TO REPRESENT THE DEBTOR<br><br>__ Debtor is not represented by an attorney |

| STATISTICAL ADMINISTRATIVE INFORMATION (28 U.S.C.  604)<br>(Estimates only)   (Check applicable) | THIS SPACE FOR COURT USE ONLY |
|---|---|

__ Debtor estimates that funds will be available for distribution to unsecured creditors
_X_ Debtor estimates that after any exempt property is excluded and administrative
  expenses paid, there will be no funds available for distribution to unsecured creditors.

ESTIMATED NUMBER OF CREDITORS
__ 1-15    _X_ 16-49    __ 50-99    __ 100-199    __ 200-999    __ 1000-over

ESTIMATED ASSETS (in thousands of dollars)                                        over
__Under 50   __50-99  X_100-499   __500-999   __1000-9999   __10,000-99,000   __100,000

ESTIMATED LIABILITIES (in thousands of dollars)                                  over
__Under 50   _X_50-99   __100-499   __500-999   __1000-9999   __10,000-99,000   __100,000

ESTIMATED NUMBER OF EMPLOYEES - CH 11 & 12 ONLY
__0    __1-19    __20-99    __100-999    __1000-over

ESTIMATED NO. OF EQUITY SECURITY HOLDERS - CH 11 & 12 ONLY
__0    __1-19    __20-99    __100-499    __500-over

| Name of Debtor | **James Fowler Jr. & Irene G. Fowler** | Case No. | |
|---|---|---|---|
| | | | (court use only) |

## FILING OF PLAN

For Chapter 9, 11, 12 and 13 cases only. Check appropriate.

_X_ A copy of debtor's proposed plan dated _____    __ Debtor intends to file a plan within the time allowed by statute,

is attached.    rule or order of the court.

### PRIOR BANKRUPTCY CASE FILED WITHIN LAST 6 YEARS (if more than one, attach additional sheet)

| Location Where Filed | Case Number | Date Filed |
|---|---|---|
| **ND IL** | **01-37638** | **10/26/2001** |

### PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER OR AFFILIATE OF THIS DEBTOR (if more than one, attach additional sheet.)

| Name of Debtor | Case Number | Date |
|---|---|---|
| Relationship | District | Judge |

## REQUEST FOR RELIEF

Debtor requests relief in accordance with the chapter of title II, United States Code, specified in this petition.

## SIGNATURES

### ATTORNEY

X Neal S. Gainsberg                                   Date

Signature

| INDIVIDUAL/JOINT DEBTOR(S) | CORPORATE OR PARTNERSHIP DEBTOR |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct | I declare under penalty of perjury that the information provided in this petition is true and correct, and that the filing of this petition on behalf of the debtor has been authorized |
| X James Fowler, Jr. | X |
| Signature of Debtor | Signature of Authorized Individual |
| Date | |
| | Print of Type Name of Authorized Individual |
| X Irene G. Fowler | |
| Signature of Joint Debtor | Title of Individual Authorized by Debtor to File this Petition |
| Date | Date |

### Exhibit "A" (To be completed if debtor is a corporation requesting relief under chapter 11.)

__ Exhibit "A" is attached and made part of this petition.

### TO BE COMPLETED BY INDIVIDUAL CHAPTER 7 DEBTOR WITH PRIMARILY CONSUMER DEBTS (SEE p.l. 98-353 & 322)

I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7 of such title

If I am represented by an attorney, exhibit "B" has been completed.

X _____    Date

Signature of Debtor

X _____    Date

Signature of Joint Debtor

### EXHIBIT "B" (To be completed by attorney for individual chapter 7 debtor(s) with primarily consumer debts.)

I, the attorney for the debtor(s) named in the foregoing petition, declare that I have informed the debtor(s) that (he, she, or they) may proceed chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter

X _____    Date

Signature of Attorney

**UNITED STATES BANKRUPTCY COURT**                    **DISTRICT OF**

In re:   **James Fowler, Jr. & Irene Fowler**        Debtor(s)        Case No.        (If Known)

      See summary below for the lists of schedules. Include Unsworn Declaration under Penalty of Perjury at the end

      GENERAL INSTRUCTIONS: Schedule D, E and F have been designed for the listing of each claim only once. Even when a claim is secured only in part or entitled to priority only in part, it still should be listed only once. A claim which is secured in whole or in part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed in Schedule E only. Do not list the same claim twice. If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately

      Review the specific instructions for each schedule before completing the schedule.

SUMMARY OF SCHEDULES

      Indicate as to each schedule whether that schedule is attached and state the number of pages in each, Report the totals from Schedules A, B, D, E, F, I and J in the boxes provided, Add the amounts of Scheduels A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| Name of Schedule | Attached (Yes No) | Number of Sheets | Amounts Scheduled | | |
|---|---|---|---|---|---|
| | | | Assets | Liabilites | Other |
| A - Real Property | Y | 1 | 82,000.00 | | |
| B - Personal Property | Y | 2 | 21,800.00 | | |
| C - Property Claimed as Exempt | Y | 1 | | | |
| D - Creditors Holding Secured Claims | Y | 1 | | 30,781.00 | |
| E - Creditors Holding Unsecured Priority Claims | Y | 1 | | 1,030.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Y | 3 | | 59,249.00 | |
| G - Executory Contracts and Unexpired Leases | Y | 1 | | | |
| H - Codebtors | Y | 1 | | | |
| I - Current Income of Individual Debtor(s) | Y | 1 | | | 3,432.00 |
| J - Current Expenditures of Individual Debtor(s) | Y | 1 | | | 2,741.00 |
| Total Number of Sheets of All Schedules | | 13 | | | |
| Total Assets | | | 103,800.00 | | |
| Total Liabilities | | | | 91,060.00 | |

In re:   **James Fowler, Jr. & Irene G. Fe** Fowler   Debtor(s)   Case No.   (if known)

## SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTORS INTEREST IN PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTORS INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Residence at: 337 E. 138th St. Dolton, IL** | fee simple | J | 82,000.00 | 25,198.00 |
| | **TOTAL ->** | | 82,000.00 | **(Report also on Summary** of Schedules) |

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTORS INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on Hand | N | | | |
| 2. Checking/savings or other financial accounts certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations,or credit unions, brokerage houses, or cooperatives. | | **Checking - Mutual Bank, Credit Union** | J | 200.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | N | | | |
| 4. Household goods and furnishings, including audio, video and computer equipment | | **Household Goods** | J | 900.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | N | | | |
| 6. Wearing apparel. | | **Clothing** | J | 800.00 |
| 7. Furs and jewelry. | | **Jewelry** | J | 300.00 |
| 8. Firearms and sports, photograpic, and other hobby equipment. | | **Firearm** | J | 100.00 |
| 9. Interests in insurance policies, Name insurance company of each policy and itemize surrender or refund value of each. | N | | | |

SCHEDULE B - PERSONAL PROPERTY

In re:  James Fowler, Jr. & Irene Fowler

|  | Debtor(s) | No. | (if known) |

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTORS INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 10. Annuities. itemize and name each issuer. | N | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize | | **Irene Pension w/ employer** **James- IRA** | **W** **H** | **unknown** **15,000.00** |
| 12. Stock and interests in incorporated and unicorporated businesses. Itemize. | N | | | |
| 13. Interest in partnerships or joint ventures. itemize. | N | | | |
| 14. Government and corporate bonds and other negotiable and nonegotiable instruments. | N | | | |
| 15. Accounts receivable. | N | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | N | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | N | | | |
| 18. Equitable or future interests, life estates, and rights to powers exercisable for the benefit of the debtor other than those listed on Schedule of Real Property | N | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust | N | | | |
| 20. Other contingent and unliquidated claims of every nature, includeing tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | N | | | |
| 21. Patents, copyrights, and other intellectual property. Give perticulars. | N | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | N | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1988 Cougar** **1998 Chevy Astro Van** | **J** **J** | **500.00** **4,000.00** |
| 24. Boats, motors, and accessories. | N | | | |
| 25. Aircraft and accessories. | N | | | |
| 26. Office equipment, furnishings, and supplies | N | | | |
| 27. Machinery, fixtures, equipment and supplies used in business | N | | | |
| 28. Inventory. | N | | | |
| 29. Animals | N | | | |
| 30. Crops - growing or harvested. Give particulars. | N | | | |
| 31. Farming equipment and implements | N | | | |
| 32. Farm supplies, chemicals, and feed. | N | | | |
| 33. Other personal property of any kind not already listed. Itemize. | N | | | |

(included amounts from any continuation sheets attached. Report total also on Summary of Schedules)    Total->                **21,800.00**

In re:    **James Fowler, Jr. & Irene G. Fowler**          Debtor(s)        Case No.                        **(if known)**

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under (Check one)

__ 11 U.S.C & 522(b)(1): Exemptions provided in 11 U.S.C. & 522(d). NOTE: There exemption are available only in certain states.

__ 11 U.S.C & 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| **Residence at  337 E 138th Street Dolton, Il** | **735 ILCS 5/12-901** | **15,000.00** | **80,000.00** |
| **Household Goods** | **735 ILCS 5/12-1001(b)** | **900.00** | **900.00** |
| **Clothing** | **735 ILCS 5/12-1001(a)** | **800.00** | **800.00** |
| **1988 Cougar** | **735 ILCS 5/12-1001(c)** | **500.00** | **500.00** |
| **Checking Account** | **735 ILCS 5/12-1001(b)** | **200.00** | **200.00** |
| **Jewelry** | **735 ILCS 5/12-1001(b)** | **300.00** | **300.00** |
| **Firearm** | **735 ILCS 5/12-1001(b)** | **100.00** | **100.00** |
| **1998 Astro Van** | **735 ILCS 5/12-1001(c)** | **500.00** | **4,000.00** |
| **401K** | **735 ILCS 5/12-1006** | **15,000.00** | **15,000.00** |
| **Joint Debtor's Pension** | **735 ILCS 5/12-1006** | **unknown** | **unknown** |

In re:  **James Fowler, Jr., Irene Fowler**                    Debtor(s)    Case No.                    (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBT | HWJC | DATE CLAIM WAS INCURRED, NATURE OF LEIN AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LEIN | CUD | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY |
|---|---|---|---|---|---|---|
| **ACCOUNT NO.  7005395970** | | | | | | |
| **Washington Mutual Home Loans** **P.O. Box 3139** **Milwaukee, WI 53201-3139** | | | **Residence 337 E. 138th St.** **Dolton, IL 60419-1003** | | 25,918.00 | |
| | | | **VALUE $84,000.00** | | | |
| **ACCOUNT NO.** | | | | | | |
| **GMAC Financial Services** **Bankruptcy Department** **P.O. Box 5055** **Troy, MI 48007-5055** | | | **Lien on Vehicle** **1998 Chevy Atro** | | 4,863.00 | 863.00 |
| | | | **VALUE $ 4,000.00** | | | |
| **ACCOUNT NO.** | | | | | | |
| | | | **VALUE $** | | | |
| **ACCOUNT NO.** | | | | | | |
| | | | **VALUE $** | | | |
| **ACCOUNT NO.** | | | | | | |
| | | | **VALUE $** | | | |
| **ACCOUNT NO.** | | | | | | |
| | | | **VALUE $** | | | |
| **ACCOUNT NO.** | | | | | | |
| | | | **VALUE $** | | | |
| **ACCOUNT NO.** | | | | | | |
| | | | **VALUE $** | | | |
| **ACCOUNT NO.** | | | | | | |
| | | | **VALUE $** | | | |

___ continuation sheets attached

|  | SUBTOTAL -> (Total of this page) | 30,781.00 |
|---|---|---|
|  | TOTAL -> | 30,781.00 |

In re:  James Fowler, Jr. & Irene Fowler                    Debtor(s)      Case No.                          (if known)

## SCHEDULE E - CREDITORS HOLDINGS UNSECURED PRIORITY CLAIMS

___ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPE OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets).

___ **Extensions of credit in an involuntary case**
   **Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of
   the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C 507(a)(2).**

___ **Wages, salaries, and commissions**
   **Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees,
   up to a maximum of $2000 per employee, earned within 90 days immediately preceding the filing of the
   original petition or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C.
   507(a)(3)**

___ **Contributions to employee benefit plans**
   **Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the
   original petition, or the cessation of business, whichever occurred first, to the extend provided in 11 U.S.C. 570(a)(4).**

___ **Certain farmers and fishermen**
   **Claims of certain farmers and fishermen, up to a maximum of $2000 per farmer or fisherman, against the debtor, as
   provided in 11 U.S.C. 507(a)(5).**

___ **Deposits by individuals**
   **Claims of individuals up to a maximum of $900 for deposits for the purchase, lease, or rental of property or services
   for personal, family, or household use, that were not delivered or provided. 11 U.S.C. 507(a)(6).**

___ **Taxes and Certain Other Debts Owed to Governmental Units**
   **Taxes, customs, duties, and penalties owing to federal, state, and local governmental units as set forth in
   11 U.S.C. 507(a)(7).**

| CREDITORS NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBT | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CUD | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|
| Account I XXX-XX-6995 | | | | | | |
| IRS 230 S. Dearborn Stop 5016-CHI Chicago, IL 60604 | | J | Income tax 12-31-02 | | 1,030.00 | 1,030.00 |
| Account No. | | | | | | |
| Account No. | | | | | | |
| Account No. | | | | | | |

___ Continuation sheets attached                          Subtotal --->  | 1,030.00 |

                                         Total --->  | 1,030.00 |

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

__ Check here if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO D E B T | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| Account No. 584056<br>BP/Citibank<br>PO Box 15687<br>Wilmington, DE 19850-5687 | | | Rev. Charge | | 836.00 |
| ACCOUNT NO. T13Q9<br>Wakefield & Associates<br>3091 S. Jamaica Ct STE 200<br>Aurora, CO 80014-2639 | | | | | 172.00 |
| ACCOUNT NO. 835XXXX<br>South Surburban Heart Group<br>5009 West 95th Street<br>Oak Lawn, IL 60453 | | | Medical | | 64.80 |
| ACCOUNT NO. 412800286822<br>Citibank<br>PO Box 6241<br>Sioux Falls, SD 57117-6241 | | | Rev. Charge | | 1,775.00 |
| ACCOUNT NO. 109762<br>Neurology Associates, Ltd.<br>PO Box 1187<br>Harvey, IL 60426-7187 | | | medical | | 123.50 |
| ACCOUNT NO. 7457006<br>Illinois Collection Services Inc.<br>PO BOX 646<br>Oak Lawn, IL 60454-0646 | | | collection-medical | | 9,015.75 |
| ACCOUNT NO. 200500497686<br>Ingalls Memorial Hospital<br>One Ingalls Drive<br>Harvey, IL 60426 | | | medical | | 200.00 |
| ACCOUNT NO. 008494<br>Arnold S. Morof & Associates, Ltd.<br>15300 West Ave., Suite 113<br>Orland Park, IL 60462 | | | medical | | 85.00 |
| ACCOUNT NO. 14765<br>Bhasin Amarjut<br>17680 Kedzie AVE<br>Hazel Crest, IL 60429 | | | medical | | 204.00 |
| | | | Subtotal -> | | 12,476.05 |
| _2_ Continuation Sheets Attached | | | Total -> | | |

In re: James Fowler, Jr. & Irene Y. Fowler                              Debtor(s)       Case No.

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

___ Check here if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBT | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CUD | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO.  404165599 Advocate South Suburban Hospital 17800 S. Kedzie Avenue Hazel Crest, IL 60429-0989 | | | medical | | notice |
| ACCOUNT NO. 010393 Gastro Assoc. of Olympia Fields 3030 Chicago Rd Steger, IL 60475 | | | medical | | 35.50 |
| ACCOUNT NO. Ecast Settlement Corporation PO Box 35480 Newark, NJ 07193-5480 | | | Rev. Charge various assignment of accounts | | 22,146.00 |
| ACCOUNT NO. 373753792053014 American Express c/o Beckett & Lee, LLP P. O. Box 3001 Malvern, PA 19355-0701 | | | Rev. Charge | | 3,221.00 |
| ACCOUNT NO.  5417112135924909 B-Content, LLC 2101 Fourth Ave., Suite 900 Seattle, Washington 98121 Skokie, IL 60077-1109 | | | Rev. Charge assignment of claim | | 6,516.00 |
| ACCOUNT NO. Discover Financial PO Box 30395 Salt Lake City, UT 84130-0395 Norcross, GA 30091-6700 | | | Rev. Charge | | 5,238.00 |
| ACCOUNT NO.  6004665795487969 Fashion Bug PO Box 3000 Kirkwood Voorhe, NJ 08043 Trevose, PA 19053 | | | Rev. Charge | | 240.00 |
| ACCOUNT NO.  0258405786 Kohls PO Box 740933 Dallas, TX 75374 | | | Rev. Charge | | 681.00 |
| ACCOUNT NO. Resurgent Capital Services PO Box 10587 Greenville, SC 29603-0587 | | | Rev. Charge | | 8,365.00 |

Subtotal ->    46,442.50

Total ->

__X__ Continuation Sheets Attached

In re: **James Fowler, Jr. & Irene Fowler**                           Debtor(s)      **Case No.**

### SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

___ Check here if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO D E B T | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| ACCOUNT NO. 4190005190608688 **US Bank Corp. PO Box 6345 Fargo, ND 58125-6345 San Antonio, TX 78265-9728** | | | **Rev. Charge** | | 303.98 |
| ACCOUNT NO. **CBT Credit Services 1684 Woodlands Dr. STE 150 Maumee, OH 43537-4026** | | | collection-medical | | 26.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | Subtotal -> | | **329.98** |
| | | | Total -> | | **59,248.53** |

_____ Continuation Sheets Attached

**In re:  James Fowler, Jr. & Irene Fowler**                    **Debtor(s)**          **Case No.**                    **(if known)**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

_X__  Check here if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

**In re:  James Fowler, Jr. & Irene Fowler**                          **Debtor(s)**          **Case No.**              **(if known)**

## SCHEDULE H - CODEBTORS

_X_ Check here if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

In re:  James Fowler, Jr. & Irene Fowler                    Debtors    Case No.                    (if known)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition if filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| | NAMES | AGE | RELATIONSHIP |
| Married | Latonza Fowler | 17 | Granddaughter |
| | Sheritta Fowler | 18 | Granddaughter |
| | Thomas Young | 19 | Grandson |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Unemployed | Lab Tech |
| Name of Employer | | |
| How Long Employed | | 18 years |
| Address of Employer | | |

Income: (Estimate of average monthly income)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| Current monthly gross wages, salary and commissions...................... | | | 2,810.00 |
| (pro rate if not paid monthly) | | | |
| Estimate monthly overtime | | | |
| SUBTOTAL | | | 2,810.00 |
| LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and social security | | | 554.00 |
| b. Insurance | | | 127.00 |
| c. Union dues | | | |
| d. Other (Specify) 401K | | | 56.00 |
| SUBTOTAL OF PAYROLL DEDUCTIONS | | | |
| TOTAL NET MONTHLY TAKE HOME PAY | | | 2,073.00 |
| Regular income from operation of business or profession or farm | | | |
| (attach detailed statement) | | | |
| Income from real property | | | |
| Interest and dividends | | | |
| Alimony, maintenance or support payments payable to the debtor for | | | |
| the debtor's use or that of dependents listed above | | | |
| Social security or other government assistance (Specify) | | 1,359.00 | |
| Social Security | | | |
| Pension or retirement income | | | |
| Other monthly income (Specify) | | | |
| TOTAL MONTHLY INCOME | | 1,359.00 | 2,073.00 |
| TOTAL COMBINED MONTHLY INCOME | 3,432.00 | (Report also on Summary of Schedules) | |

Describe any increase or decrease of more than 10% in any of the above categories anticipated to
occur within the year following the filing of this document:

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually or annually to show monthly rate.

_____ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

| | | |
|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | | 748.00 |
| Are real estate taxes included? __x__Yes ____No  Is property insurance included? _x_Yes ___No | | |
| Utilities | Electricity and heating fuel | 375.00 |
| | Water and sewer | 50.00 |
| | Telephone | 75.00 |
| | Other       cable | 24.00 |
| | Garbage | 10.00 |
| Home maintenance (repairs and upkeep) | | 60.00 |
| Food | | 475.00 |
| Clothing | | 60.00 |
| Laundry and dry cleaning | | 65.00 |
| Medical and dental expenses | | 175.00 |
| Transportation (not including car payments) | | 300.00 |
| Recreation, clubs and entertainment, newspapers, magazine, etc | | |
| Charitable contributions | | 50.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
| | Homeowner's or renter's | |
| | Life | |
| | Health | |
| | Auto | 274.00 |
| | Other | |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | | |
| Installment payments:(In chapter 12 & 13 cases, do not list payments to be included in the plan) | | |
| | Auto | |
| | Other | |
| Alimony, maintenance, and support paid to others | | |
| Payments for support of additional dependents not living at your home | | |
| Regular expenses from operation of business, profession, or farm | | |
| (attach detailed statement) | | |
| Other | | |
| **TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules)** | | **2,741.00** |

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | | |
|---|---|---:|
| A. Total projected monthly income | | |
| B. Total projected monthly expenses | | 3,432.00 |
| C. Excess income (A minus B) | | 2,741.00 |
| D. Total amount to be paid into plan each | month | 691.00 |
| | (interval) | |

In re:  James Fowler Jr., & Irene Fowler                    Debtor(s)      Case No.                                  (if known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of_____sheets,

(Total shown on summary page plus 1.)

and that they are true and correct to the best of my knowledge, information and belief.

Date _____                    Signature: _____

Debtor

Date _____                    Signature: _____

(Joint Debtor, if any)

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the_____(corporation or partnership named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of_____sheets,

(Total shown on summary page plus 1)

and that they are true and correct to the best of my knowledge, information and belief.

Date _____                    Signature: _____

(Print or type name of individual signing on behalf of debtor.)

(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. 152 and 3571.

UNITED STATE BANKRUPTCY COURT

In re: James Fowler Jr., & Irene Fowler                                                Debtor(s)   Case No.

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-15 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 16-21. Each question must be answered. If the answer to any question is "None", or the question is not applicable, mark the box labeled "None". If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number if known, and the number of the question.

DEFINITIONS

"In business" A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partnership a sole proprietor or self-employed.

"Insider" The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporation of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. 101(30).

_____ None. 1. Income from Employment or Operation of Business
State the gross amount of income the debtor has received from employ-
ment, trade,or profession, or from operation of the debtor's business
from the beginning of this calendar year to the date this case was com-
menced. State also the gross amounts received during the two years im-
mediately preceding this calendar year. (A debtor that maintains, or has
maintained, financial records on the basis of a fiscal rather than a calen-
dare year may report fiscal year income. Identify the beginning and end-
ing dates of the debtor's fiscal year) If a joint petition is filed, state in-
come for each spouse separately. (Married debtors filing under chapter
12 or chapter 13 must state income of both spouses whether or not a
joint petition is filed, Unless the spouses are separated and a joint peti-
tion is not filed) Give AMOUNT and SOURCE (if more than one).

**2005 YTD - Joint Debtor 12, 845**
**2004 - Joint Debtor 34,343**
**2003 - Joint Debtor- $34,439**

_____ None. 2. Income Other Than From Employment or Operation of
Business.
State the amount of income received by the debtor other than from em-
ployment, trade, profession, or operation of the debtor's business during
the two years immediately preceding the commencement of this case.
Give particulars. If a joint petition is filed, state income for each spouse
separately. (Married debtors filing under chapter 12 or chapter 13 must
state income for each spouse whether or not a joint petition is filed, un-
less the spouses are separated and a joint petition is not filed.) Give
AMOUNT and SOURCE.

**2005 YTD Debtor SS $5,536.00**
**2004 Debt           $17,107**
**2003 Debtor SS      $16,760**

3. Payments to Creditors
_X__ None  a. List all payments on loans, installment purchases of goods
or services, and other debts, aggregating more than $600 to any creditor,
made within 90 days immediately preceding the commencement of this
case. (Married debtors filing under chapter 12 or chapter 13 must include
payments by either or both spouses whether or not a joint petition is
filed, unless the spouses are separated and a joint petition is not filed.)
Give NAME and ADDRESS of CREDITOR, DATES OF PAYMENTS, AMOUNT
PAID and AMOUNT STILL OWING.

_X__None  b. List all payments made within one year immediately preced-
ing the commencement of this case to or for the benefit of creditors who
are or were insiders. (Married debtors filing under chapter 12 or chapter
13 must include payments by either or both spouses whether or not a
joint petition is filed, unless the spouses are separated and a joint peti-
tion is not filed.) Give NAME and ADDRESS of CREDITOR and RELATION-
SHIP TO DEBTOR, DATE OF PAYMENT, AMOUNT PAID and AMOUNT STILL
OWING.

4.  Suits, Executions, Garnishments and Attachments
_X_None  a. List all suits to which the debtor is or was a party within one
year immediately preceing the filing of this bankruptcy case. (Married
debtors filing under chapter 12 or chapter 13 must include information
concerning either or both spouses whether or not a joint petition is
filed, unless the spouses are separated and a joint petition is not filed.)
Give CAPTION OF SUIT AND CASE NUMBER, NATURE OF PROCEEDING,
COURT AND LOCATION and STATUS OR DISPOSITION.

_X_ None.  b. Describe all property that has been attached, garnished or
seized under any legal or equitable process within one year immediately

preceding the commencement of this case. (Married debtors filing
under chapter 12 or chapter 13 must include information concerning
property of either or both spouses whether or not a joint petition is
filed, unless the spouses are separated and a joint petition is not filed.)
GIve NAME and ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY
WAS SEIZED, DATE OF SEIZURE and DESCRIPTION AND VALUE OF
PROPERTY.

_X__ None  5. Repossessions, Foreclosures and Returns
List all property that has been repossessed by a creditor, sold at a fore-
closure sale, transferred through a deed in lieu of foreclosure or returned
to the seller, within one year immediately preceding the commencement of
this case. (Married debtors filing under chapter 12 or chapter 13 must in-
clude information concerning property of either or both spouses whether
or not a joint petition is filed, unless the spouses are separated and a
joint petition is not filed.) Give NAME and ADDRESS OF CREDITOR OR
SELLER, DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER
OR RETURN and DESCRIPTION AND VALUE OF PROPERTY.

6.  Assignments and Receiverships
_X__ None.   a. Describe any assignment of property for the benefit of
creditors made within 120 days immediately preceding the commence-
ment of this case. (Married debtors filing under chapter 12 or chapter
13 must include any assignment by either or both spouses whether or
not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.) Give NAME and ADDRESS OF ASSIGNEE, DATE OF
ASSIGNMENT and TERMS OF ASSIGNMENT OR SETTLEMENT.

_X__None.  b. List all property which has been in the hands of a custo-
dian, receiver, or court-appointed official within one year immediately
preceding the commencement of this case. (Married debtors filing under
chapter 12 or chapter 13 must include information concerning property
of either or both spouses whether or not a joint petition is filed, unless
the spouses are separated and a joint petition is not filed.) Give NAME
and ADDRESS OF CUSTODIAN, NAME and LOCATION OF COURT, CASE
TITLE & NUMBER, DATE OF ORDER and DESCRIPTION AND VALUE OF
PROPERTY.

_X___None  7. Gifts
List all gifts or charitable contributions made within one year immediately
preceding the commencement of this case except ordinary and usual gifts
to family members aggregating less than $200 in value per individual
family member and charitable contributions aggregating less than $100
per recipient. (Married debtors filing under chapter 12 or chapter 13 must
include gifts or contributions by either or both spouses whether or not a
joint petition is filed, unless the spouses are separated and a joint peti-
tion is not filed.) Give NAME and ADDRESS OF PERSON OR ORGANIZA-
TION, RELATIONSHIP TO DEBTOR, IF ANY, DATE OF GIFT and DESCRIP-
TION and VALUE OF GIFT.

_X___None  8. Losses
List all losses from fire, theft, other casualty or gambling within one year
immediately preceding the commencement of this case or since the com-
mencement of this case. (Married debtors filing under chaper 12 or chap-
ter 13 must include losses by either or both spouses whether or not a
joint petition is filed, unless the spouses are separated and a joint peti-
tion is not filed. Give DESCRIPTION and VALUE OF PROPERTY, DESCRIP-
TION OF CIRCUMSTANCES and, IF LOSS WAS COVERED IN WHOLE OR
IN PART BY INSURANCE. Give PARTICULARS and DATE OF LOSS.

____None  9. Payments Related to Debt Counseling or Bankruptcy
List all payments made or property transferred by or on behalf of the
debtor to any persons, including attorneys, for consultation concerning
debt consolidation, relief under the bankruptcy law or preparation of a
petition in bankruptcy within one year immediately preceding the com-
mencement of this case. Give NAME and ADDRESS OF PAYEE, DATE OF
PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR and AMOUNT OF
MONEY OR DESCRIPTION AND VALUE OF PROPERTY.

**Staver & Gainsberg, P.C.**
**120 W. Madison St., Ste. 520**
**Chicago, IL 60602**
  **$500.00**

_X___None  10. Other Transfers
List all other property, other than property transferred in the ordinary
course of the business or financial affairs of the debtor, transferred

either absolutely or within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give NAME and ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR, DATE and DESCRIBE PROPERTY TRANS-FERRED AND VALUE RECEIVED.

_X___None  11. Closed Financial Accounts
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filed under chapter 12 or chapter 13 must include information concerning accounts or instru-ments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint peti-tion is not filed.) Give NAME and ADDRESS OF INSTITUTION, TYPE AND NUMBER  OF ACCOUNT AND AMOUNT OF FINAL BALANCE and AMOUNT AND DATE OF SALE OR CLOSING.

_X___None  12. Safe Deposit Boxes
List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immed-iately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or deposi-tories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give NAME and ADDRESS OF BANK OR OTHER DEPOSITORY, NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY DESCRIPTION OF CONTENTS and DATE OF TRANSFER OR SURREN-DER, IF ANY.

_X___None  13.  Setoffs
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give NAME and ADDRESS OF CREDITOR DATE OF SETOFF and AMOUNT OF SETOFF.

_X___None  14. Property Held for Another Person
List all property owned by another person that the debtor holds or controls. Give NAME and ADDRESS OF OWNER, DESCRIPTION AND VALUE OF PROPERTY and LOCATION OF PROPERTY.

_X___None  15. Prior Address of Debtor
If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commence-ment of this case. If a joint petition is filed, report also any separate address of either spouse. Give ADDRESS, NAME USED and DATES OF OCCUPANCY.

__X__None 16.  Spouses and Former Spouses
If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, of Wisconsin) within the six year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

__X__None 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state of local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, of other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or materials.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material,  pollutant, or contaminant or similar term under an Environmental Law.

__X__None   a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME & ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE NOTICE | ENVIRONMENT LAW |
|---|---|---|---|
| | | | |

__X__None   b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME & ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE NOTICE | ENVIRONMENT LAW |
|---|---|---|---|
| | | | |

____None   c. List all judicial or administrative proceedings, including settlements or orders, under an Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME & ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|
| | | |

### Unsworn Declaration under Penalty of Perjury.

**I declare under penalty that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.**

Date 5/2/05_____     Signature of Debtor     **James Fowler, Jr. /s/**_____

Date __5/2/05_____ Signature of Joint Debtor_____**Irene Fowler/s/**_____
(if any)

**Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both 18 U.S.C. 152 and 3571.**

In re:  James Fowler Jr., & Irene Fowler                    Debtor(s)    Case No.                    (if known)

## STATEMENT
Pursuant to Rule 2016(b)

The undersigned, pursuant to Rule 2016(b) Bankruptcy Rules, states that:

**(1) The undersigned is the attorney for the debtor(s) in this case.**

**(2) The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:**
  **(a) for legal services rendered or to be rendered in contemplation of and in connection
       with this case**                                                                         2,700.00
  **(b) prior to filing this statement, debtor(s) have paid**                                     500.00
  **(c) the unpaid balance due and payable is**                                                 2,200.00

**(3) $ 209.00 of the filing fee in this case has been paid.**

**(4) The services rendered or to be rendered include the following:**
  **(a) analysis of the financial situation, and rendering advice and assistance to the debtor(s) in
       determining whether to file a petition under title 11 of the United States Code.**
  **(b) preparation and filing of the petition, schedules, statement of affairs and other documents
       required by the court.**
  **(c) representation of the debtor(s) at the meeting of creditors.**

**(5) The source of payments made by the debtor(s) to the undersigned was from earning, wages and
     compensation for services performed, and**

**(6) The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance
     remaining, if any, will be from earnings, wages and compensation for services performed, and**

**(7) The undersigned has received no transfer, assignment or pledge of property except the
     following for the value stated:**

**(8) The undersigned has not shared or agreed to share with any other entity, other than with
     members of undersigned's law firm, any compensation paid or to be paid except as follows:**

Date: 5/2/05              Respectfully submitted    /s/ Neal S. Gainsberg                    Attorney for Petitioner

Attorney's name and address    Staver & Gainsberg, P.C., 120 W. Madison St., Ste. 520, Chicago, IL 60602